7

1  LISA A. HOLDER, CSB NO. 217752
   KLEIN, DENATALE, GOLDNER,
2    COOPER, ROSENLIEB & KIMBALL, LLP
   4550 California Avenue, Second Floor
3  Bakersfield, California 93309
   Telephone: (661) 395-1000
4  Fax: (661) 326-0418
   E-mail:  lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re:<br><br>CECILY WATERMAN,<br><br>Debtor. | Case No. 13-13062-B-7<br><br>Chapter 7<br><br>DC No. KDG-4<br><br>**TRUSTEE'S MOTION FOR ORDER AUTHORIZING (1) SALE OF REAL PROPERTY SUBJECT TO OVERBID, AND (2) PAYMENT OF REAL ESTATE BROKER'S COMMISSIONS**<br><br>Date: April 3, 2014<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>510 19th Street<br>Bakersfield, California<br>Judge: Hon. W. Richard Lee |
|---|---|

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:

Jeffrey Vetter, Chapter 7 Trustee ("Trustee"), moves the Court for authority to (a) sell the 280 acres (+/-) of real property located at 074-030-24, Kern County, California, Assessor Parcel Number 074-030-24 ("Poso Creek property"), for $199,900.00, to Berry Petroleum Company LLC, a Delaware limited liability company or the high bidder at the hearing; (b) pay the IRS's lien in full, (c) pay the judgment lien holders in part with those creditors' consent; (d) pay Debtor $37,500.00 of her $75,000.00 homestead claim of exemption; (e) carve out $18,245.00 from the sale for the estate; and (f) pay Trustee's real estate broker a 5% commission on the sale. The sale is subject to overbid at the hearing.

## I. JURISDICTION AND AUTHORITY

The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

11 United States Code §363(b)(1) authorizes sales of property of the estate "other than in the ordinary course of business." To invoke Section 363(b)(1) the moving party must articulate a business justification for his actions. *In re Lionel Corporation*, 722 F.2d 1063, 1071 (2nd Cir. 1983). Liquidation of assets of the estate is a proper business purpose for the Chapter 7 trustee. 11 U.S.C. §704(a)(1).

Sale is proper in one of three ways: (1) sale through confirmed plan, 11 U.S.C. §1123(a)(5)(D), 1322(b)(10); (2) public auction, Fed. R. Bankr. P. 6004(f)(1); or (3) private sale with opportunity for overbid, Fed. R. Bankr. P. 6004(f)(1), *In re Mama's Original Foods, Inc.*, 234 B.R. 500, 505 (Bankr. C.D. Cal. 1999) (court acts as auctioneer but must offer overbid opportunity).

Here, Trustee requests authority to sell the Poso Creek property at a private sale with an opportunity for overbid. The bidding instructions are detailed in the Notice of Hearing filed concurrently with this motion.

11 U.S.C. §330(a) authorizes "reasonable compensation for actual, necessary services" rendered by a professional person employed under §327 and for "reimbursement for actual necessary expenses." In fixing reasonable compensation the court should consider "all relevant factors," including time spent, rates charged, whether the services were necessary or beneficial to the administration of the case, timeliness, board certification or other demonstration of skill, and reasonableness as judged by the compensation charged by comparably skilled practitioners in nonbankruptcy cases. 11 U.S.C. §330(a)(3).

Here, Trustee requests authority to pay a 5% real estate broker commission on the sale.

## II. FACTS

### A. The Poso Creek property

1. Trustee is trustee in the case filed by Cecily Waterman ("Debtor"). Debtor filed for relief under Chapter 7 on April 30, 2013. The assets of this estate include a residence

located in Old Stockdale, address 1216 Tam O Shanter Drive, Bakersfield, CA 93309 (the "Old Stockdale property") and the Poso Creek property. Debtor scheduled the value of the Old Stockdale property as $850,000.00 and the Poso Creek property as $120,000.00. Debtor claimed a $75,000.00 homestead exemption in the Old Stockdale property. Trustee moved to sell the Old Stockdale property, which was granted, and Debtor vacated the Old Stockdale Property. However, that sale fell through and the Old Stockdale property has been relisted.

**B. Real Estate Broker Employment and Property Marketing**

2.  Rosina Dewar of Watson Realty, which is employed by Trustee as real estate broker for the estate under the order filed June 19, 2013, listed the Poso Creek property in May 2013. Under the listing agreement between Trustee and Watson Realty, Watson is to receive a 5% commission on the sale. Watson advertised the Poso Creek property in the newspaper, advertising circulars, Multiple Listing Service, and the internet. Watson received, on March 7, 2014, the offer now presented to the court for approval.

**C. The Poso Creek property as property of the estate**

3.  Debtor and her husband purchased the Poso Creek property during marriage, and it was awarded to Debtor as a component of the parties' community property settlement agreement. *See* pages from the property settlement agreement at Exhibit "C." Debtor's ex-husband executed a grant deed to Debtor, which was never recorded. Trustee has a copy of the grant deed, obtained from Debtor's former family law attorney, so the deed was delivered and the transfer completed as between Debtor and her ex-husband. *See* Exhibit "D." The original deed appears to be lost. Through the escrow officer, Trustee has requested that Debtor's ex-husband sign another deed and deliver the deed to escrow.

**D. Liens against the Poso Creek Property**

4.  The IRS has a lien against the Old Stockdale Property and the Poso Creek property, which was to be paid from the Old Stockdale Property sale, but now will be paid from the Poso Creek property sale. The Kern County Treasurer Tax Collector also has a lien for taxes owed, which will also be paid from the sale.

5.  White, Zuckerman, Warsavsky, Luna, Wolf & Hunt, LLP; and Nachshin &

1  Weston, LLP (together, "Judgment Lien Creditors") are secured against the Old Stockdale
2  property and the Poso Creek property. Their combined liens exceed the sale proceeds.
3       6.    Judgment Lien Creditors have given their consent to sell the Poso Creek
4  property and to carve out $18,245.00 to pay Trustee and his attorneys. Debtor and the
5  Judgment Lien Creditors desire that Trustee liquidate the Old Stockdale and Poso Creek
6  properties to pay Judgment Lien Creditors' secured claims, Debtor's homestead exemption,
7  and other claims against the Debtor and estate.
8       7.    Debtor claimed a $75,000.00 homestead exemption in the Old Stockdale
9  Property, which Debtor and the Judgment Lien Creditors have negotiated to be paid 50% from
10 the sale of the Old Stockdale Property, and 50% from the sale of the Poso Creek property.
11 That means that $37,500.00 would be paid from this sale, even though the claim of exemption
12 is against the Old Stockdale Property.

### E. Capital Gain Analysis

13
14      8.    Trustee evaluated whether there is a taxable gain on the sale and it appears that
15 deductions will render the gain and associated tax to be insignificant or non-existent. Debtor
16 and her husband originally purchased 440 acres of unimproved real Property near Poso Creek.
17 Debtor and her ex-husband sold 160 acres, and used the $235,000.00 in sale proceeds to pay
18 off the loan balance on the 440 acres. That left the 280 acres unencumbered.  *See* Exhibit "C."
19      9.    According to the documentary transfer tax on the grant deed conveying the
20 entire 440 acres to Debtor and her ex-husband (*see* Exhibit "E"), the purchase price of the 440
21 acres was $250,000.00. (Documentary transfer tax was $275.00; $250,000.00 / $500 * $0.55 =
22 $275.00.)
23      10.    That equates to a purchase price of $568.18 per acre ($568.18 * 440 acres =
24 $250,000.00). Here, the tax basis in the remaining property should be $568.18 per acre, times
25 280 acres, which is a tax basis of $159,090.91. The sale price is $199,900.00, so there is a
26 $40,809.09 gain.  However, there are significant costs of administering this estate that will be
27 deductions on the estate's tax return, reducing the estate's income tax.
28      11.    There are expected to be about $30,250.00 in costs of administration of the

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

asset ($10,000.00 in real estate broker commissions, $2,000.00 costs of sale, $13,250.00 in trustee commissions, and $5,000.00 in attorney's fees), and the estate ($4,000.00 in accountant's fees, and an additional $30,000.00 in attorney's fees), plus a portion of the debt paid to Judgment Lien Creditors is a deductible interest expenses. With the $159,090.91 basis, over $60,000.00 costs of administration, and deductible interest expenses, Trustee believes there will be little or no taxable gain.

### F. Benefit to the Estate Calculation

12. The benefit to the estate of the sale is the $18,245.00 carve out. However, this sale also reduces the secured claims against the Poso Creek property and Debtor's spousal support. Debtor is owed approximately one million dollars in future spousal support, which Trustee asserts is property of the estate. Judgment Lien Creditors have an execution lien against the spousal support.

Trustee calculates the estimated benefit to the estate as follows:

| | | |
|---|---|---|
| Offer | $199,900.00 | |
| [-]Broker comm | $ 9,995.00 | 5% |
| [-]Costs of sale | $ 2,000.00 | 1% |
| Sale Proceeds | $187,905.00 | |
| | | |
| [-]C.W.'s homestead | $ 37,500.00 | |
| [-]Prop. taxes | $ 2,000.00 | |
| [-]IRS 05, 06 | $ 14,240.00 | per Proof of Claim |
| [-] Capital gain tax | $       00.00 | |
| **[-]Trustee's carveout** | **$ 18,245.00** | |
| Net Proceeds | $115,920.00 | |
| [-]White Abstract | $23,184.00 | 20% per Stipulation – @$102,280.00 remains due |
| [-]Nachshin Abstract | $92,736.00 | 80% per stipulation – @$407,170.00 remains due |
| Proceeds | $      0.00 | |

Based on the foregoing, the sale should be approved because the senior priority lien holders will be paid, and Judgment Lien Creditors consent and authorize a carve out for the

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

estate. In addition, this sale significantly reduces the liens against the Old Stockdale Property and the spousal support.

### G. Paying the 5% Broker Commission is Appropriate

1. A fee of 6% is the industry-standard commission for sales of residences. The industry standard for the sale of vacant land is 10%. Here, Watson Realty marketed and procured a buyer for the Poso Creek Property for a reduced 5% commission, which was negotiated by Trustee. For those reasons, Trustee request authority to pay Watson Realty its 5% broker commission ($9,995.00), or 5% of the final sale price if there are over bidders at the hearing.

### III. Prayer for Relief

Trustee requests that the court enter an order providing:

1. the Motion is granted;

2. Trustee is authorized to sell the 280 acres (+/-) of real property located at 074-030-24, Kern County, California, Kern County Assessor Parcel Number 074-030-24 ("Poso Creek property," legal description attached as Exhibit "A" to the notice of hearing) for $199,900.00, to Berry Petroleum Company LLC, a Delaware limited liability company, or to the higher bidder at the hearing for the highest and best price obtained ("Buyer");

3. if Buyer does not complete the sale transaction as described in this order and any *Vacant Land Purchase Agreement and Joint Escrow Instructions, Counter Offer(s),* and *Addendum(s)* executed between Buyer and Trustee, then Trustee is authorized to sell the Poso Creek property to a back-up bidder qualified at the hearing, and Buyer forfeits Buyer's $10,000.00 deposit as reasonable liquidated damages for failing to perform;

4. the sale to Buyer is "as is, where is" with no warranties or representations of any nature and no disclosures except those required from a trustee under California law;

5.  Trustee is authorized to execute such documents as are reasonable and necessary to document the transaction and effectuate the transfer of the Poso Creek property to Buyer;

6.  Trustee is authorized to pay Watson Realty's 5% real estate broker commission on the final sales price at the consummation of the sale and out of escrow;

7.  the transaction with Buyer must close within 30 days after entry of the order, subject to reasonable extensions at Trustee's discretion;

8.  Trustee is authorized to pay undisputed liens, closing costs including title and escrow fees, property taxes due, and other incidentals of sale and closing at his discretion, at the consummation of the sale and out of escrow;

9.  Trustee is authorized to receive the distribution of $18,245.00 out of escrow for the benefit of the estate as a carve out;

10. Trustee must hold all remaining funds in escrow pending resolution of the competing claims of Nachshin & Langlois as the successor to Nachshin & Weston, LLP ("Nachshin"); White Zuckerman Warsavsky, Luna & Hunt ("White"); and Cecily Waterman;

11. Escrow may distribute funds on account of the claims of Nachshin, White, and Cecily Waterman, only upon further order of the Court or the written agreement of Nachshin, White, Trustee, and Cecily Waterman;

12. the 14 days stay of order provided by Bankruptcy Rule 6004(h) is waived and not applicable to the order; and

13. for such other and further relief as may be just and proper.

Dated: March 13, 2014

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
LISA HOLDER, Attorney for
Jeffrey Vetter, Chapter 7 Trustee

3CM3896.DOC

7